## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| ZACKARY K. SALAS, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 4:06-CV-114 (CDL) |
| | * | 28 U.S.C. § 2254 |
| L. STEPHEN BENTON, Warden | * | |
| of Central State Prison, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Untimely. (R-13).

Petitioner has filed his Response (R-17) to Respondent's Motion to Dismiss.

On March 5, 2001, Petitioner pled guilty to aggravated assault in the Muscogee

County Superior Court. Petitioner received a "split" fifteen year sentence, with nine years

to serve in prison. (R-15, Ex. 1). Petitioner did not pursue a direct appeal from his guilty

plea. *Id*. On June 15, 2005, Petitioner filed a state habeas petition in the Superior Court of

Bibb County. (R-15, Ex. 1). After evidentiary hearings on November 30, 2005, and January

10, 2006, the petition was denied on June 20, 2006. (R-15, Ex. 3, 5, and 6). Petitioner then

filed application for a certificate of probable cause to appeal, pursuant to O.C.G.A. § 9-14-

52, in the Georgia Supreme Court, which was denied on October 31, 2006. (R-15, Ex. 4).

Petitioner thereafter filed his present § 2254 petition on September 20, 2006.

## The AEDPA Period of Limitations

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was

enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions in the federal courts. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of **direct review** or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). (emphasis added). In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the United States Court of Appeals for the Eleventh Circuit joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final." Id*. at 1339. The *Kaufmann* Court

stated:

> We are persuaded by the fact that the Supreme Court has
> expressly defined when a conviction becomes "final," albeit
> prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479
> U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated:
> "By *final,* we mean a case in which a judgment of conviction
> has been rendered, that availability of appeal exhausted, and the
> time for a petition for certiorari elapsed or a petition for
> certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708
> (emphasis added).

Pursuant to O.C.G.A. § 5-6-38, the Petitioner had thirty days from the date of his

conviction, in which to file a notice of appeal. Petitioner Salas pled guilty and was sentenced

on March 5, 2001, and thus, had until April 4, 2001, to file a notice of appeal. Having failed

to file a direct appeal, the AEDPA one-year period of limitation, within which Petitioner

Salas could have filed a federal application for *writ of habeas corpus* pursuant to 28 U.S.C.

§ 2254, began to run on April 5, 2001, and expired on April 4, 2002. During this federal

limitations period, Petitioner filed no challenge to his conviction and sentence in either state

or federal court.

## Equitable Tolling

Title 28, United States Code, Section 2244(d)(1) permits equitable tolling only under

limited conditions, for example, when an extraordinary factor beyond the Petitioner's control

and unavoidable even with diligence prevents him from filing in a timely manner. *See Tinker*

*v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir.

2000). Equitable tolling is an extraordinary remedy which is typically applied sparingly. *See*

*Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

*See Miller v. Marr,* 141 F. 3d 976, 978 (10th Cir. 1998) (not knowing about the period of

limitation until too late is not ground for equitable tolling). The burden is upon Petitioner

to show that equitable tolling is warranted. *See Helton v. Sec'y for the Dep't of Corr.'*s, 259

F.3d 1310, 1313-14 (11th Cir. 2001; *see also Justice v. United States*, 6 F.3d 1474, 1478 (11th

Cir. 1993).

Equitable tolling is not warranted because of a Petitioner's unfamiliarity with the legal

process, nor his lack of representation or mistakes made by his attorney during the applicable

filing period and where a petitioner fails to state any "independent efforts" that he made to

ascertain the limitations period deadline. *See, Helton*, 259 F.3d at 1313-14; *see also Steed,*

219 F.3d at 1300; *see also Turner v. Johnson* 177 F.3d 390, 391-392 (5th Cir. 1999).

Petitioner argues that he is entitled to equitable tolling because he attempted to file a state

habeas petition previously, but in the wrong court. The record shows an unfiled petition from

the Muscogee County Clerk's record of Petitioner's criminal case. (R-15, Ex. 5, p.35). Said

petition was filed in the wrong court[1], furthermore, said petition was dated August 6, 2004,

nearly a year after the expiration of the AEDPA statute of limitations had run. *Id*. In

addition, although Petitioner filed post-plea motions in the convicting court, these motions

were also filed expiration of the statute of limitations. Petitioner has failed to allege any

---

[1] A state habeas action must be filed in the county in which the petitioner is incarcerated, and not in the convicting court. *See e.g.,* O.C.G.A. § 9-14-43 ("A petition brought under this article must be filed in the superior court of the county where the petitioner is being detained ."); *Neal v. State*, 232 Ga. 96, 205 S.E.2d 284.

circumstances which would permit applying the doctrine of equitable tolling.

Petitioner's State habeas petition filed on June 15, 2005 (R-15, Ex. 1), was filed more than three years after the expiration of his AEDPA one-year limitation period. The United States Court of Appeals for the Eleventh Circuit has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000). Thus, Petitioner's State Habeas action was filed too late to toll the statute. See *Tinker v. Moore,* (255 F.3d 1331, 1334, *cert. denied,* 534 U. S. 1144, 122 S.Ct. 1101 (2002).

As such, Petitioner's State habeas corpus action filed in the Superior Court of Bibb County on June 15, 2005, was time-barred and did not toll the already expired AEDPA statute of limitations. Therefore, when Petitioner filed his current application on October 17, 2006, it failed to invoke the jurisdiction of this court.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application for Habeas Relief under 28 U.S.C. § 2244(d) be **GRANTED**, and Petitioner's § 2254 action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 22nd day of May, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc

5